# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RIGOBERTO ENRIQUE ISZAZ,

    Petitioner,

vs.

D.W. NEVEN, et al.,

    Respondents.

Case No. 2:15-cv-00676-RFB-GWF

**ORDER**

    Petitioner has submitted an application to proceed <u>in forma pauperis</u> (#3). The court finds that petitioner is unable to pay the filing fee.

    Petitioner also has submitted a document styled as petition for a writ of certiorari. He has used this court's form for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and he is challenging the validity of his custody pursuant to a judgment of conviction of a state court. Under the circumstances, the court will construe the petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Before a federal court may consider a petition for a writ of habeas corpus, petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). "When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634

1  (9th Cir. 1983).¹  Documents attached to the petition show that petitioner is appealing the judgment of
2  conviction in the Nevada Supreme Court.  The court takes judicial notice of the docket of the Nevada
3  Supreme Court in Iszaz v. State, No. 67550.²  The on-line docket shows that petitioner has not yet filed
4  his opening fast-track statement.  Because the direct appeal still is pending, this action appears to be
5  unexhausted, and petitioner will need to show cause why the court should not dismiss the action.

6      IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#3) is
7  **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

8      IT IS FURTHER ORDERED that the clerk of the court shall file the document styled as a
9  petition for a writ of certiorari, which the court construes as a petition for a writ of habeas corpus
10 pursuant to 28 U.S.C. § 2254.

11     IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry
12 of this order to show cause why the court should not dismiss this action for failure to exhaust the
13 available state-court remedies.  Failure to comply with this order will result in the dismissal of this
14 action.

15     DATED this 12th day of May, 2015.

                                                                RICHARD F. BOULWARE, II
                                                                 United States District Judge

---

¹The court of appeals has clarified that the rule Sherwood applies to pending direct appeals, and not to pending state post-conviction proceedings.  Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013).  Henderson is inapplicable to petitioner because his pending state-court proceeding is a direct appeal.

²http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35754 (last visited May 5, 2015).