# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RIGOBERTO ENRIQUE ISZAZ,

    Petitioner,

vs.

D.W. NEVEN, et al.,

    Respondents.

Case No. 2:15-cv-00676-RFB-GWF

**ORDER**

    The court directed petitioner to show cause why the court should not dismiss this action for his failure to exhaust his available state-court remedies. Order (#4). Specifically, the court noted that petitioner could not have exhausted any grounds because his direct appeal from the judgment of conviction had commenced recently and briefing had not even started. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). Petitioner has submitted a brief and statement (#8). Petitioner's response does not address the court's concern. Instead, petitioner is arguing that the trial court judge violated his constitutional rights. This is a claim for relief that petitioner needs to raise on direct appeal, not a defense to the exhaustion requirement of 28 U.S.C. § 2254(b).

    The court has reviewed again the on-line docket of the Nevada Supreme Court in Iszaz v. State, No. 67550.[1] The fast-track statement and the fast-track response have been filed, but there has been no decision yet. This action is therefore completely unexhausted, and the court legally must and will dismiss it.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35754 (last visited July 6, 2015).

Reasonable jurists would not find the court's decision to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that this action is **DISMISSED** without prejudice for petitioner's failure to exhaust his available state-court remedies. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: July 20, 2015.

_____
RICHARD F. BOULWARE, II
United States District Judge